UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN STANLEY GILREATH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-cv-00371-JPH-MG |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DIRECTING PETITIONER TO SHOW CAUSE**

Petitioner Shawn Gilreath, who is incarcerated at the Federal Correctional Institution in Terre Haute, Indiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction for using a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c). Dkt. 1. Mr. Gilreath bases his claim on *United States v. Taylor,* 142 S. Ct. 2015 (2022), which held that an attempted Hobbs Act Robbery does not qualify as a crime of violence to support a conviction under § 924(c). But a recent Supreme Court decision, *Jones v. Hendrix,* appears to foreclose the Court from granting Mr. Gilreath's petition. He is therefore ordered to show cause why his petition should not be dismissed.

### I. Screening of the Petition

The § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

1

## II. Discussion

Mr. Gilreath filed his § 2241 petition on August 29, 2022, and the respondent has yet to respond. The Supreme Court recently decided *Jones v. Hendrix*, 599 U.S. \_\_, \_\_ S. Ct. \_\_, No. 21-857, 2023 WL 4110233 (June 22, 2023). *Jones* forecloses challenges under § 2241 that are based on a new Supreme Court case interpreting the statute under which the petitioner was convicted or sentenced. *Id.* at *4.

Mr. Gilreath was convicted in the United States District Court for the Northern District of Georgia of attempted armed bank robbery involving forced accompaniment, in violation of 18 U.S.C. § 2113, and using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Gilreath*, 1:96-cr-472-ODE-JKL-1 ("Cr. Dkt."), dkts. 187, 200. He later filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. Cr. Dkts. 282, 313, 318. He filed a second and a third § 2255 motion, which were each dismissed as unauthorized successive petitions. Cr. Dkts. 335, 338, 351, 356. He sought leave from the Eleventh Circuit Court of Appeals to file his fourth § 2255 motion, raising the *Taylor* argument that he raises here, but that request was denied. Cr. Dkt. 391; *see also* dkt. 1.

In support of his § 2241 petition, Mr. Gilreath asserts that, based on the holding in *Taylor*, his § 924(c) conviction should be vacated.

Although Mr. Gilreath brings his petition pursuant to § 2241, the provisions of 28 U.S.C. § 2255 also apply to his case. Section 2255 provides in relevant part:

2

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***
>
> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> ***
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

In *Jones*, the petitioner filed a § 2241 petition challenging his sentence based on a new Supreme Court case interpreting his statute of conviction. 2023 WL 4110233 at *4. He had previously filed a § 2255 petition, which was adjudicated on the merits. *Id.* He argued that he could pursue a new challenge to his sentence in a § 2241 petition because, before the new Supreme Court case

3

was issued, his position was foreclosed by binding circuit precedent, so his § 2255 remedy had been "inadequate or ineffective" to test the legality of his sentence. *Id.* The U.S. Supreme Court affirmed the district court's dismissal of his § 2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize . . . an end-run around [§ 2255(h)]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Id.* at *7 (expressly overruling Seventh Circuit's application of the saving clause in *In re Davenport*, 147 F.3d 605, 609–11 (7th Cir. 1998)).

In this case, Mr. Gilreath challenges his conviction, but he previously filed a § 2255 petition that was denied. Thus, under *Jones*, he cannot challenge his sentence with a § 2241 petition unless it fits within the parameters of § 2255(h). *Jones*, 2023 WL 4110233, at *5 (holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."). And the Eleventh Circuit has already found that Mr. Gilreath's claim does not satisfy § 2255(h). His § 2241 petition—which seeks relief based on the Supreme Court's decision in *Taylor*—is thus an unauthorized successive collateral attack on his sentence. *Jones*, 2023 WL 4110233, at *9 ("Congress has chosen finality over error correction . . . .").

Accordingly, on or before **July 26, 2023**, Mr. Gilreath shall show cause why his § 2241 petition should not be dismissed for lack of jurisdiction based on *Jones*. Considering the foregoing, Mr. Gilreath's motion to deny enlargement of time, dkt. [29], and motion to compel, dkt. [30], are each **denied as moot**.

**SO ORDERED.**

Date: 6/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN STANLEY GILREATH
47555-019
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov